THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
THOMAS D. COKER [SBN 136820]
Assistant United States Attorney
  Room 7211, Federal Building
  300 North Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-2454
  Facsimile:  (213) 894-0115
Attorneys for United States of America

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CV 07-6384-VBF (PLAx) |
| | ) |
| Plaintiff, | ) <u>JUDGMENT OF FORECLOSURE OF</u> |
| | ) <u>FEDERAL TAX</u> |
| vs. | ) <u>LIENS AND ORDER OF SALE OF</u> |
| | ) <u>REAL PROPERTY LOCATED AT</u> |
| DAVID WHEELER, an individual; | ) <u>5216 EDGEWARE DR., CALABASAS,</u> |
| ALAN BIRD, trustee of CITY | ) <u>CALIFORNIA</u> |
| HOLDING TRUST, as nominee | ) |
| of DAVID WHEELER; STATE OF | ) |
| CALIFORNIA, FRANCHISE TAX | ) |
| BOARD, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff United States of America's Motion for Summary

Judgment foreclosing federal tax liens having been granted,

//

//

IT IS ORDERED, ADJUDGED and DECREED that:

1. Defendant David Wheeler is the true owner of the real property located at 5216 Edgeware Dr., Calabasas, (hereafter the "Edgeware Property"), in the County of Los Angeles, California, and more particularly described as:

> Lot 9, of Tract No. 30373, in the County of Los Angeles, State of California, as per map recorded in Book 759, Pages 67 and 68 of Maps, in the Office of the County Recorder of said County.

2. City Holding Trust, the title holder of record of the Edgeware Property, is the nominee of defendant David Wheeler.

3. Defendant David Wheeler acquired an interest in the Edgeware Property on December 17, 1993, by grant deed from John Everett Knowles and Susan M. Knowles, as grantors, to David Wheeler, as grantee, recorded in the Los Angeles County Recorder's Office, Los Angeles, California, as Instrument No. 93-2464771.

4. On various dates, a delegate of the Secretary of the Treasury made assessments of delinquent federal income taxes, penalties, and interest against defendant David Wheeler for each of the taxable years 1992 through 2003.

5.   Pursuant to 26 U.S.C. § 6321, by reason of the tax assessments made by the Internal Revenue Service against defendant David Wheeler, federal tax liens arose in favor of the United States and attached to all property and rights to property, real and personal, belonging to defendant David Wheeler.

6.   As of February 29, 2008, defendant David Wheeler is indebted to the United States for unpaid income taxes, penalties and interest for the years 1992 through 2003, in the amount of $1,208,311.23, plus interest accruing thereafter.

7.   Notices of Federal Tax Lien were filed against defendant David Wheeler in the Recorder's Office for the County of Los Angeles, California, on:

    a.   January 7, 1998, securing the taxes, interest and penalties for the tax period ending Dec. 31, 1994;

    b.   December 11, 2002, securing the taxes, interest and penalties for the taxable years 1995, 1997, 1998, and 1999;

    c.   April 9, 2004, securing the taxes, interest and penalties for the taxable years 1992 and 1993;

    d.   December 8, 2004, securing the taxes, interest

    and penalties for the taxable year 1996;

 e. March 23, 2005, securing the taxes, interest and penalties for the taxable years 2000 and Dec. 31, 2001;

 f. May 11, 2005, securing the taxes, interest and penalties for the taxable year 2002; and

 g. July 5, 2006, securing the taxes, interest and penalties for the taxable year 2003.

8. Notices of Federal Tax Lien were filed against City Holding Trust, as nominee of defendant David Wheeler, in the Recorder's Office for the County of Los Angeles, California, on:

 a. September 27, 2005, securing the taxes, interest and penalties for the taxable years 1992, 1993, 1994,  1995, 1996, 1997, 1998, 1999, 2000, 2001, and 2002; and

 b. March 8, 2007, securing the Internal Revenue Code Section 6702 civil penalties and interest for the taxable years 1992, 1993, 1994, 1995, 1996, 1997, 1998, and 1999.

9. The Edgeware Property is ordered to be sold by the Area Director of the Internal Revenue Service, Los

Angeles, California, District (hereinafter "Area Director"), or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002;

    10.  Any party to this proceeding or any person claiming an interest in the subject real property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject real property.  Any such motion shall be filed within twenty (20) days of the date of this Order and shall set forth with particularity (a) the nature of the moving party's interest in the subject real property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale; and

    11.  The Area Director, or his delegate, is ordered to sell the subject real property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002.  The property shall be sold by the Internal Revenue Service at a public sale to be held at the

Los Angeles County Courthouse, Los Angeles, California.

    a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. Said notice shall describe the property by its legal description, and shall contain the terms and conditions of sale as set out herein.

    b. The terms and conditions of sale shall be as follows:

    A minimum bid equal to 70% of the forced sale value as determined by the Area Director, IRS, shall be required. The United States of America may bid a credit against its liens and interest thereon, costs, and expenses, without tender of cash. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m., three (3) days,

inclusive, of the date of sale.  Should any person bid off the property at the sale by virtue of this Judgment and Order of Sale, and fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) on the value of the property thus bid off as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty, but payment of said penalty shall not be a credit against the liens of the United States.

c.  Upon selling the subject real property, the District Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid.  The accounting and report of sale shall be filed within ten (10) days from the date of sale.  If no objections have been filed in writing in this cause with the Clerk of the Court, within fifteen (15) days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his deed to said purchaser.

```
 1          d.   Possession of the property sold shall be yielded
 2               to the purchaser upon the production of the
 3               Certificate of Sale and Deed; and if there is a
 4
                 refusal to so yield, a Writ of Assistance may, without
 5
                 further notice, be issued by the Clerk of this Court
 6
 7               to compel delivery of the property sold to the
 8               purchaser.
 9
            e.   The Area Director shall apply the proceeds of sale
10
                 to expenses of sale and then in the following order of
11
12               priorities:
13          (1) First, in satisfaction of any liens of record
14   senior to the liens of the United States, if any;
15
            (2) Second, in satisfaction of the federal tax liens;
16
17   and
18          (3) Third, if any surplus remains after making the
19   aforesaid payments, the Area Director, or his delegate,
20
     shall so report, and return and pay the same into the
21
22   registry of this Court for distribution under further order
23   of this Court.
24       12.   The Court hereby retains jurisdiction of this
25
     action for the purpose of making proper distribution of any
26
27   surplus of the proceeds of sale, pursuant to the Area
28   Director's Accounting and Report of Sale.
```

*Valerie Baker Fairbank* (signature)

```
DATED: July 17, 2008        _____
                              VALERIE BAKER FAIRBANK
                               United States District Judge
```

Presented By:

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____
THOMAS D. COKER
Assistant United States Attorney

Attorneys for the United States of America
<u>United States v. Wheeler, et al.</u>,
CV 07-3317-CAS (Rcx) Judgment and Order of Sale of Real Property